## The People ex rel O. S. Wood v. Board of Registration of Fourth Ward, City of Detroit.

*Board of Registration, power of.* Where a person appears before the Ward Board of Registration and claims to be registered, the Board are bound to examine him under oath and hear testimony offered by him. They have no right to pass upon the question of his legal right by mere personal inspection.

*Board of Registration: Mandamus: Issue.* In an application for a *mandamus* to compel the Board to meet for the purpose of acting on the case of the relator, it was held that no issue for trial could be ordered, as the duty to meet and consider the testimony was an imperative one.

It is the duty of the Ward Board on such a case to pass upon the question one way or the other. They have no right to reserve questions for the consideration of the City Board of Review.

*Heard and decided October 23d.*

*Mandamus* to the Board of Registration of the Fourth Ward of the City of Detroit.

This was a petition for a *mandamus* to compel the respondents to meet as a Board of Registration and examine relator under oath, as required by the Registry Act, to hear any testimony that relator might offer as to his right to registration as an elector of said ward, and to register him, if, upon such examination, he was found qualified and entitled to registration.

The petition set forth that relator applied to respondents while sitting as a Board of Registration, and offered

his own oath and other testimony to show that he had less than one fourth negro blood in his veins; that his father was a half breed Indian and his mother a mulatto; but that respondents refused to examine the relator, or to receive his testimony, but declined — simply upon a personal inspection — to register him: holding that he had more than one fourth negro blood, and was not a white man within the meaning of the constitutional provision relative to electors. The answer of respondents admitted the allegations of the petition, and claimed the right to reject applicants for registration, whenever, upon personal inspection, it appeared to the board that they were not entitled to such registration.

The board, however, made a memorandum of the application, and agreed to submit it to the General Board of Registration for the city, which was to meet at the City Hall the Saturday before the next election.

The motion being called up,

*Otto Kirchner*, for respondents, asked that an issue be formed and sent down to be tried by a jury.

*Henry M. Cheever*, for relator objected, and urged that as the petition was not for a writ of *mandamus* to compel the registration of the relator, but that the respondents meet and receive testimony and examine relator under oath as to his right to registration, no issue could be formed — the statute being imperative upon respondents to perform their duty, whatever might be their determination as to the relator's right to registration after hearing the testimony.

The Court held that the board was bound to examine the relator under oath, and to hear any testimony offered by him relative to his right to be registered as a legal elector, and it was also their duty to draw a fair and reasonable conclusion from the evidence as to relator's right to registration. That they had no right to pass upon the question of relator's right to registration by a personal inspection merely.

BROWN *v.* THE PEOPLE.

The Court also held that no issue could be formed for trial, as the petition was for a writ of *mandamus* to compel the respondents to meet as a Board of Registration, and perform a duty which was imperative by the statute, *i. e.* to receive the evidence, and not to register the relator, which was a duty devolving upon them only in the event of his being shown entitled thereto under the evidence.

It was the duty of the members of the Ward Board to make an absolute decision one way or the other. They had no right to reserve the question for the consideration of the City Board. That Board has no power to act except in cases coming within the special provisions of the charter. It acts merely as a Board of Review in specified cases, and can not entertain cases cognizable in the first place by the Ward Board.— *City Charter, p. 290, § 500.*

*Mandamus* ordered.